[Crim. No. 2614.   Third Dist.   Sept. 19, 1955.]

THE PEOPLE, Respondent, v. ERICK ERICKSON, Appellant.

McAllister & Johnson and Walter C. Frame for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was convicted of the crime of grand theft and has appealed from the judgment entered upon the jury's verdict.    ▪   The sole claim of error is that the evidence was insufficient.   The following appears from the record:  There was testimony that on the afternoon of September 4, 1954, during a Labor Day week-end, currency in the amount of $997 was stolen from a retail furniture and appliance store located near the city limits of Sacramento; that on that afternoon the only employee on duty in the store was the manager, a Mr. Tobler; that between 3 and 4

o'clock Mr. Tobler made change for a customer from a cash box which was kept upon a shelf; that the shelving of which this shelf was a part served to separate the office space from the selling and display area; that after making change from the cash box, which then held the amount of money above stated to have been stolen, Mr. Tobler stepped outside the store to assist in loading a refrigerator on a truck; that when he left the store no one was there; that he returned to the store in about five minutes and found a man whom he subsequently identified as appellant; that this man was walking toward a back door from the direction of the office space; that Mr. Tobler asked him if he could help him and received the reply that he was selling first aid supplies; that Mr. Tobler answered he was interested in purchasing some; that the man said he would go and get his sample kit; that he left the store but did not return; that a few minutes later Mr. Tobler went to the cash box for change and discovered that all of the currency was gone, whereupon he notified the officers.

There was additional and most significant testimony connecting appellant with the commission of the crime charged. A Mr. Clausnitzer a few days after September 4th read an account of the theft in a newspaper and advised the sheriff of the following: That between 1:30 and 2 o'clock on the afternoon of September 4th a man whom he and one of his employees later identified as appellant had been in Clausnitzer's place of business purporting to sell first aid supplies; that, on being told no such supplies were needed, the man left in an automobile which had been parked near Clausnitzer's place of business; that Clausnitzer had written upon a board in place on a wall the license number and the make of the car in which appellant departed. The officers by use of the license number and description of the car traced it into the ownership of appellant's wife, and appellant was arrested and charged with the theft of money from Mr. Tobler's store. It appears that Clausnitzer wrote down the make and license number of the car because he and his employee became suspicious due to appellant's actions while in their place of business.

We think it clear that, accepting the truth of the testimony we have related, satisfactory support is disclosed thereby for the verdict of the jury. But appellant introduced much testimony which, had it been accepted by the jury as true, would have destroyed the State's case. He and his wife both testified

that on September 3d they had driven from San Francisco, where both of them resided, to Lake Tahoe and that on the following morning they obtained at Carson City, Nevada, a license to wed; that they returned therewith to the Nevada side of the lake, where a justice of the peace married them; that they then began their return to San Francisco; that they stopped in Placerville about 3 o'clock, obtaining gas for their car and thence returned to San Francisco by way of Jackson, thus following in return the same route they had taken on their way to Lake Tahoe; that they had not been in Sacramento on September 4th. Appellant also testified that he did not commit the theft charged and denied the conversation to which Tobler and Clausnitzer testified. Appellant produced as a witness an attendant of the service station at Placerville who testified that he recalled that Mrs. Erickson, appellant's wife, had brought her car to his service station at about 3 o'clock, or at any rate sometime between 3 and 4 o'clock on September 4th, and purchased gas from him. He said he remembered the transaction, the make and color of the car and the fact that she paid for the gas with a $10 bill. But this testimony, squarely in conflict with the credible testimony on the part of the prosecution, while raising a conflict therewith, did nothing more. The jury were at liberty to reject it. The identification of appellant as the man who appeared in Tobler's store and before Clausnitzer and his employee was satisfactory and as positive as such things generally are. It was shown that appellant had twice been convicted of felonies. The significance of Clausnitzer's having entered an accurate description of the make and color of the automobile and of the license numbers thereof cannot be overlooked. Admittedly, the car of that make and color and with that license number belonged to Mrs. Erickson and was the car which the Ericksons say they drove from San Francisco to Lake Tahoe and return on the 3d and 4th of September. This puts Clausnitzer's testimony in a class that could hardly be doubted except upon the theory that appellant was, as he claims to have been, the victim of a "frameup." Certainly the jury, whose duty it was to find the truth, were free to find appellant guilty of the crime of which he was charged.

The judgment appealed from is, therefore, affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 19, 1955.